**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JUSTIN PERKINS,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 2:25-cv-421 |
| | * | |
| **STATE FARM FIRE AND CASUALTY** | * | |
| **COMPANY, et al.,** | * | |
| | * | |
| Defendants. | * | |

## NOTICE OF REMOVAL

Defendant State Farm Fire and Casualty Company ("State Farm"), by and through undersigned counsel, with full reservation of all defenses, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 files its Notice of Removal of this cause from the Circuit Court of Wilcox County, Alabama to the United States District Court for the Southern District of Alabama, Northern Division. In support of the removal of this action, State Farm sets forth the following short and plain statement showing the grounds for removal:

## INTRODUCTION

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases. *See* 28 U.S.C. §§ 1441(b), 1446(b).

2. Plaintiff Justin Perkins ("Plaintiff") instituted Civil Action No. 66-CV-2025-900043, styled *Justin Perkins v. State Farm Fire and Casualty Insurance Company, et al.* on June 19, 2025, against State Farm in the Circuit Court of Wilcox County, Alabama. Pursuant to 28 U.S.C. § 1446(a), State Farm attaches a true and correct copy of all processes, pleadings, and orders served on State Farm in this action as **Exhibit A**.

1

3. In the Complaint, Plaintiff alleges claims against State Farm for breach of contract and outrage. A copy of the Complaint is attached as **Exhibit B**.

4. Plaintiff alleges in his Complaint that his home located at 437 Lewistown Road, Pine Hill, Alabama was damaged by a fire that occurred on February 22, 2025. (*Id.* at ¶¶ 5, 6). Plaintiff alleges the home and contents were a total loss. (*Id.* at ¶ 6). Plaintiff alleges that his home was insured by State Farm, and he made a claim seeking insurance benefits under his State Farm policy. (*Id.* at ¶¶ 5, 11). Plaintiff alleges that State Farm breached the insurance contract by denying the claim and failing to pay amounts owed under his State Farm policy. (*Id.* at ¶ 15). Plaintiff alleges that he has suffered damages as a result of State Farm's refusal to pay Plaintiff's insurance claim. (*Id.* at ¶ 16). Based on this alleged conduct, Plaintiff has made claims for breach of contract and outrage. (*Id.* at ¶¶ 12-19).

5. In the Complaint, Plaintiff seeks unspecified compensatory damages to recover for a total loss of his real and personal property, including loss of use, emotional distress and mental anguish, in "an amount in excess of the minimum jurisdictional limits of this Court, plus interest and costs." (*Id.* at ¶¶ 14, 16, 19, Prayer for Relief).

6. State Farm investigated Plaintiff's insurance claim and estimated that the total amount payable to Plaintiff under the terms of the policy is $110,698.55, which included $92,486.74 under Coverage A (dwelling), $5,906.39 under Coverage B (contents), and $12,305.42 under Coverage C (loss of use). (*See* State Farm Financial Summary attached as **Exhibit C**). State Farm estimated the total repair cost for the dwelling to be $124,318.56, before applying depreciation and the deductible, which reduced the total amount payable to $92,486.74. (*See* State Farm's Coverage A estimate attached as **Exhibit D**).

7.      The policy limits under policy number 01-ED-K955-0 include $258,000.00 under Coverage A (dwelling), $193,500.00 under Coverage B (personal property) and $77,400.00 under Coverage C (loss of use). (*See* Declarations Page attached as **Exhibit E**).

8.      The amount of damages Plaintiff claims to be owed under Coverage A is *at least* $165,513.26 ($258,000.00 Coverage A policy limit less the State Farm initial payment amount of $92,486.74). In addition, the amount of damages Plaintiff claims to be owed under Coverage B is *at least* $187,593.61 ($193,500.00 Coverage B policy limit less the State Farm initial payment amount of $5,906.39). Further, the amount of damages Plaintiff claims to be owed under Coverage C is $65,094.58 ($77,400.00 less the State Farm initial payment amount of $12,305.42). Plaintiff is also seeking additional damages of $164,000.00 for "extended replacement cost" under policy number 01-ED-K955-0. Accordingly, Plaintiff's identified contract damages total $582,201.45, without even considering Plaintiff's claims for outrage, mental anguish and emotional distress damages.

## NOTICE OF REMOVAL IS TIMELY

9.      Plaintiff instituted this action on June 19, 2025, in the Circuit Court of Wilcox County, Alabama. (Ex. A).  The summons and original Complaint have not been served on State Farm.  It appears Plaintiff attempted to serve State Farm through his State Farm Agent, Drew Carter, whose office is located at 2521 Rocky Ridge Road, Vestavia Hills, Alabama.  (*See* Ex. A, Return on Service).  Neither Carter nor anyone in his Vestavia Hills office are State Farm's agent for service of process under Ala. R. Civ. P. 4(c)(6).  Neither Carter nor anyone else in his Vestavia Hills office is an officer, partner or managing or general agent of State Farm Fire and Casualty Company, and Carter nor anyone else in his office is an agent authorized by appointment or by law to receive service of process, such as the Commission of Insurance of the State of Alabama.  *See*

Ala. R. Civ. P. 4(c)(6); Ala. Code. § 27-10-51). Carter is merely an independent contractor of State Farm who is authorized to sell its insurance policies. Furthermore, the Vestavia Hills address is not listed as State Farm's registered agent for service of process through the Alabama Secretary of State, Alabama Department of Insurance or the National Association of Insurance Commissioners. Because the summons and original Complaint have not been served on State Farm, State Farm's filing of this Notice of Removal is before the service of the initial pleadings which set forth the claims for relief upon which this action is based. As such, the 30-day time period to remove the case has not begun to run, and the Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## THIS CIVIL ACTION IS REMOVABLE

10. This action is removable pursuant to 28 U.S.C. § 1441(a) because it is a civil action of which this Court has original jurisdiction and because State Farm is removing this action to the District Court of the United States for the district and division embracing the place where the action is pending.

11. The Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and because complete diversity of citizenship exists between Plaintiff and State Farm.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

12. Complete diversity of citizenship exists between Plaintiff and State Farm. Plaintiff is a resident of Wilcox County, Alabama. *See* Ex. B at ¶ 1. "Courts have acknowledged the usefulness of certain presumptions with respect to a person's domicile." *Charter Oak Fire Ins. Co. v. Davis*, Nos. CV-11-RRA-01721-W, CV-11-RRA-2214-W, 2012 WL 6923592, at *8 (N.D. Ala. Dec. 7, 2012) (citations omitted). "First among these presumptions is 'that the state in which a person resides at any given time is also that person's domicile.'" *Id*. (citations omitted). Further,

under 28 U.S.C. § 1332(a), an individual is a citizen of the state in which he is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam). For purposes of diversity jurisdiction, Plaintiff is a citizen of the State of Alabama. Thus, Plaintiff is, and was at the time of the institution of this civil action and filing of this removal, a citizen of Alabama.

13. State Farm is and was at the institution of this civil action and the filing of this removal, a corporation organized and existing under the laws of the State of Illinois, having its principal place of business in Bloomington, Illinois. *See* 28 U.S.C. § 1332(c)(1) (A corporation is deemed "to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Pursuant to 28 U.S.C. § 1332(c)(1), State Farm is not now and was not at the time of the filing of the Complaint, a citizen of Alabama.

14. Under 28 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded" for removal purposes. Accordingly, the Court need not consider the citizenships of the "Fictious Defendants" named in the Complaint.

15. Accordingly, this action involves "citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff is an Alabama citizen and Defendant State Farm is a citizen of states other than Alabama. Because State Farm is not a citizen of the State of Alabama, removal of this action is proper under 28 U.S.C. § 1441(b).

**AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED**

16. If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). A defendant "is not required to prove the amount in controversy beyond all

5

doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Rather, the defendant may meet its burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." *Roe*, 613 F.3d at 1061 (citations omitted). In evaluating a removing defendant's jurisdictional showing, courts do not "suspend reality, or shelve common sense," but instead "may use their judicial experience and common sense in determining whether the case stated in the complaint meets federal jurisdictional requirements." *Id.* at 1062 (citations omitted).

17. To determine the amount in controversy requirement, this Court should consider State Farm's payment to Plaintiff of $110,698.55 for his covered losses, which includes $92,486.74 under Coverage A (dwelling), $5,906.39 under Coverage B (contents), and $12,305.42 under Coverage C (loss of use). (Ex. C). Plaintiff has repeatedly expressed his disagreement with State Farm's initial payment. (Ex. B at ¶¶ 11, 15, 19).

18. The Complaint alleges that Plaintiff is entitled to recover the policy limit. (*Id.* at ¶¶ 15, 18, 19). In the Complaint, the Plaintiff alleges that his home and its contents were totally destroyed by fire, and as such, Plaintiff alleges that he is entitled to a claim for a total loss and seeks to recover the policy limits. (*Id.*). The policy limits for policy number 01-ED-K955-0 are $258,000.00 under Coverage A (dwelling), $193,500 under Coverage B (dwelling), and $77,400 under Coverage C (loss of use). (Ex. B at ¶¶ 8, 18; Ex. E).

19. Accordingly, the amount Plaintiff is claiming as damages under Coverage A is $165,513.26 ($258,000.00 Coverage A policy limit less the State Farm initial payment amount of $92,486.74). (Ex. B at ¶¶ 11, 15, 18; Ex. C, Ex. E). In addition, the amount Plaintiff is claiming as damages under Coverage B is $187,593.61 ($193,500.00 Coverage B policy limit less the State

Farm initial payment amount of $5,906.39). (*Id.*). Further, the amount Plaintiff is claiming as damages under Coverage C is $65,094.58 ($77,400.00 Coverage C policy limit less the State Farm initial payment amount of $12,305.42). (*Id.*). Under Coverage A, B and C, Plaintiff is claiming total damages of $418,201.45.

20. In addition to damages under Coverage A, B and C, Plaintiff is also seeking additional damages of $164,000.00 for "extended replacement cost" under policy number 01-ED-K955-0. (Ex. B at ¶¶ 8, 18). State Farm did not provide payment to Plaintiff for "extended replacement cost" in its initial payment of $110,698.55. (Ex. C).

21. Thus, the amount in controversy requirement to retain jurisdiction is satisfied in this case based on the contract damages claimed under Coverages A, B and C and for "extended replacement cost."

22. Plaintiff claims State Farm's conduct is so egregious that he also seeks damages for mental anguish, outrage and emotional distress in addition to the breach of contract damages. (Ex. B at ¶¶ 16-19, Prayer for Relief). This Court should also consider this aspect of Plaintiff's damages when determining the amount in controversy.

23. The potential recovery of punitive damages alone has been generally sufficient to show an amount in controversy jurisdictional requirement, even where compensatory damages are substantially less than $75,000. *See, e.g., Krikorian v. Ford Motor Co.,* No. 1:19-00582- KD-N*, 2019 WL 7042939 (S.D. Ala. Nov. 6, 2019) (Nelson, M.J.), *adopting report and recommendation*, 2019 WL 7038265 (S.D. Ala. Dec. 20, 2019) (DuBose, C.J.) (in action for fraud involving sale of new vehicle, where difference in value between vehicle as represented and its actual value at the time of sale was approximately $1,000, and where plaintiff alleged unspecified "out-of-pocket costs" and "aggravation and mental anguish," the prospect of punitive damages for defendant's

alleged concealment of its defective transmissions demonstrated, by a preponderance of the evidence, that the amount in controversy likely exceeded $75,000); *Rogers v. Hartford Life and Acc. Ins. Co.,* No. 12-0019-WS-B, 2012 WL 887482, at *1 n.1 (S.D. Ala. March 15, 2012) (amount in controversy satisfied where plaintiff was claiming $51,000 in unpaid insurance benefits arising from death of her spouse, additional damages for punitive damages based on defendant's allegedly fraudulent conduct in denying her insurance claim); *Henry v. Nationwide Ins. Co.,* No. 06-0612-CG-M, 2007 WL 2409817, at *2 (S. D. Ala. Aug. 22, 2007) (diversity jurisdiction existed where plaintiff claimed $35,000 - $40,000 in personal property losses from burglary and sought punitive damages for bad faith denial of claim).

24. As recognized by this Court in *Henry*, "[i]n Alabama, in suits against insurance companies claiming contract breach, fraud or other intentional torts, the punitive damages verdict often exceeds the compensatory damages verdict." 2007 WL 2409817, at *2. By statute, in cases such as the present, not involving physical injury or a defendant which is a "small business," punitive damages may be as much as three times the compensatory damages amount or $500,000, whichever is greater. *See* Ala. Code §6-11-21(a). The Eleventh Circuit and this Court have held that a state's statutory cap on punitive damages is relevant to determining the amount in controversy. *See Ryan v. State Farm Mut. Auto. Ins. Co.* 934 F.2d 276, 277 (11th Cir. 1991); *McDaniel v. Fifth Third Bank*, 568 Fed. Appx. 729, 731-32 (11th Cir. 2014); *Krikorian*, 2019 WL 7038265, at *6 n. 12; *Larouse v. Hammond*, No. CV 1:18-00080-CG-N, 2018 WL 1956121, at *5 (S.D. Ala. Apr. 10, 2018) (Nelson, M.J.), *report and recommendation adopted*, No. CV 18-0080-CG-N, 2018 WL 1952526 (S.D. Ala. Apr. 25, 2018) (Granade, J.).

## THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

25. As set forth above, this Notice of Removal is timely because it is filed before the service of the Summons and Complaint upon State Farm.

26. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Southern District of Alabama, Northern Division is the appropriate court for filing a notice of removal from the Circuit Court of Wilcox County, Alabama, where this action is pending.

27. State Farm will file with the Clerk of the Circuit Court of Wilcox County, Alabama, a copy of this notice and certifies that it will promptly give notice of removal to all adverse parties as required by law.

WHEREFORE, Defendant State Farm Fire and Casualty Company, desiring to remove this case to the United States District Court for the Southern District of Alabama, Northern Division, being the district and division of said Court for the County in which the state court action is pending, prays that the filing of this Notice of Removal with the Clerk of this Court and a copy with the Circuit Court of Wilcox County, Alabama, shall effect the removal of this suit to this Court.

Respectfully submitted this the 20th day of October, 2025.

/s/ Thomas Ryan Luna
THOMAS RYAN LUNA
SAMANTHA N. GUNNOE
Attorneys for Defendant, State Farm
Fire and Casualty Company

OF COUNSEL:

HELMSING, LEACH, HERLONG,
   NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, AL 36652
(251) 432-5521 Office
Email: trl@helmsinglaw.com
       sng@helmsinglaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that I have on this the 20th day of October, 2025, served a copy of the foregoing pleading by electronic filing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    C. Daryl Drinkard
    WILSON, DRINKARD & DRINKARD LLC
    P.O. Box 99
    Grove Hill, Alabama 36451
    daryl@wddlawoffices.com

                                 **/s/ Thomas Ryan Luna**
                                 OF COUNSEL

4901-0128-7007, v. 1